**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| Lisa J. Flaig, | ) |
| | ) |
| Plaintiff, | ) Case No.: 1:15cv444 |
| | ) |
| vs. | ) Judge Michael R. Barrett |
| | ) |
| Wal-Mart Stores East, LP, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

**OPINION AND ORDER**

This matter is before the Court on Defendant Wal-Mart Stores East, LP and Wal-Mart Stores, Inc.'s (collectively "Defendant") Motion for Summary Judgment. (Doc. 21). Plaintiff filed a Response in Opposition (Doc. 30) and Defendant filed a Reply (Doc. 33).

**I. BACKGROUND**

On the evening of September 19, 2010, Plaintiff entered a Wal-Mart store in Hamilton, Ohio, shopped around the store, and proceeded to the checkout area to purchase her selected items. (Doc. 25 at PageID 558-59). She arrived at a checkout lane adjacent to the store's customer service area. (*Id.* at PageID 565). She paid for her selected items and walked towards the end of the checkout lane's counter to load her purchases into her shopping cart. (*Id.* at PageID 566). After Plaintiff loaded her purchases into her shopping cart, she stepped back and was struck from behind by a motorized shopping cart driven by another customer, David Hamilton. (*Id.* at PageID 566-67, 606, 624). Plaintiff suffered a completely torn left Achilles Tendon and underwent three surgeries as a result of the incident. (*Id.* at 583).

Plaintiff alleges that Defendant caused injury to her by negligently failing to warn her of hidden dangers known to Defendant, failing to make a reasonable inspection of the business premises to discover potential dangers, and failing to take reasonable precautions to protect her from dangers which were foreseeable from the arrangement of the premises. (Doc. 6, ¶ 6). Plaintiff argues that Defendant had knowledge that customers in motorized shopping carts run into people or fixtures on a daily basis at its stores and that, on this particular evening, Defendant created an unreasonable obstruction behind the checkout lane that Plaintiff used, by stacking multiple return carts[1] in front of the customer service area such that the return carts obstructed the area between the customer service area and Plaintiff's checkout lane and caused Mr. Hamilton's motorized shopping cart to collide with Plaintiff. (Doc. 30).

Defendant assert that summary judgment in its favor is appropriate, as it had no duty to prevent Plaintiff from colliding with other customers and there is no evidence that its actions were a cause of her injuries. (Doc. 21).

## II. ANALYSIS

### a. Standard of Review

Federal Rule of Civil Procedure 56(a) provides that summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has met its burden of

---

[1] Plaintiff describes these return carts as the carts that Wal-Mart employees use to place items that have been returned and need to be put back on the shelves. (Doc. 30). *See* (Doc. 27 at Page 908-09) (Defendant's witness, the store's manager, describing the return carts as "[t]he carts up front were carts of returns from customers at the courtesy desk.").

production, the non-moving party cannot rest on his pleadings, but must present significant probative evidence in support of his complaint to defeat the motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

### b. Negligence

Under Ohio[2] law, to establish negligence, "a plaintiff must demonstrate that (1) the defendant owed a duty of care to the plaintiff, (2) the defendant breached that duty, and (3) the defendant's breach proximately caused the plaintiff to be injured." *Lang v. Holly Hill Motel, Inc.*, 122 Ohio St.3d 120, 909 N.E.2d 120, 122 (Ohio 2009).

"When the alleged negligence occurs in the premises-liability context, the applicable duty is determined by the relationship between the landowner and the plaintiff." *Id.* The parties agree that Plaintiff was a business invitee of Defendant. (Doc. 6 at PageID 402); (Doc. 21 at PageID 506). "A shopkeeper owes business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger." *Paschal v. Rite Aid Pharmacy*, 18 Ohio St.3d 203, 480 N.E.2d 474 (Ohio 1985). "A store owner has a duty to exercise reasonable care: (1) to avoid injuring a customer by negligent activities; (2) to warn customers of hidden dangers known to the store owner; (3) to make reasonable inspections of the business premises to discover any potential dangers; and (4) to take reasonable precautions to protect its customers from dangers which are foreseeable from the arrangement or use of the premises." *Elam v. Kroger Co.*, No. C-940692, 1995 WL 392489, at *2 (Ohio Ct. App. July 5, 1995) (citing *Perry v. Eastgreen Realty Co.*, 53 Ohio

---

[2] The Court must apply the substantive law of the form state as jurisdiction is based on diversity of citizenship. *Erie v. Tompkins*, 304 U.S. 64, 58 (1938). Moreover, the parties agree that Ohio law applies to Plaintiff's negligence claim. (Doc. 21 at PageID 505); (Doc. 30 at PageID 1122).

St. 2d 51, 52, 372 N.E.2d 335, 336 (1978)).

A store owner is generally not liable for injuries caused by a third person acting independently of that store owner. *See Scott v. Allied Stores of Ohio*, 96 Ohio App. 532, 537, 122 N.E.2d 665, 668 (1953). However, a store owner is liable for injuries caused by a third person if those injuries were produced by dangerous conditions of which the store owner knew of or should have known about and failed to reasonably remedy. *See id.* ("[A]s a general rule, [] when an injury occurring on the proprietor's premises is the result of the negligence of a customer or customers, no liability attaches to the proprietor unless the circumstances are such that liability can be predicated on the theory of the existence of a dangerous condition known to or foreseeable by him which he failed to take reasonable precautions to alleviate.").

Defendant asserts that it had no duty to prevent Plaintiff from colliding with other customers or to warn Plaintiff of the possibility that she could collide with another customer. (Doc. 21 at PageID 505-09) (citing *Johnson v. Wal-Mart Stores E., L.P.*, 2014-Ohio-2998, 12 N.E.3d 1262) (holding that Wal-Mart had no duty to warn the users of its motorized carts or other customers of the dangers inherent in the use of motorized carts and Wal-Mart had no duty to avoid displays or merchandise shelving extending above eye-level). However, Plaintiff does not argue that Defendant had a duty to prevent her from colliding with other customers or to warn her of the possibility of such a collision. (Docs. 6, 30). Plaintiff argues that Defendant had the duty that all shopkeepers owe all business invitees: the duty to exercise reasonable care to not create dangers for their customers. (Doc. 30 at PageID 1123). The Court agrees. *See Paschal*, 480 N.E.2d at 475; *Perry*, 372 N.E.2d at 336; *Scott*, 122 N.E.2d at 668.

4

Moreover, the Court is not persuaded by Defendant's argument that the open and obvious doctrine bars Plaintiff's claim. (Doc. 21 at PageID 500); (Doc. 33 at PageID 1148, 1154, 1160). *See Lang*, 909 N.E.2d at 123 ("Where a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises.") (citation omitted). Defendant argues that it had no duty "to provide any warnings to [Plaintiff] related to any dangers associated with car[t]s filled with return merchandise" and "shopping carts filled with returned merchandise are open and obvious." (Doc. 33 at PageID 1154, 1160). "The determination of the existence and obviousness of a danger alleged to exist on a premises requires a review of the facts of the particular case." *Riggs v. Commonwealth Hotels, Inc.*, 2007-Ohio-2922, ¶ 14.

Construing the evidence in a light most favorable to Plaintiff, *Cincinnati Ins. Co. v. Zen Design Grp., Ltd.*, 329 F.3d 546, 552 (6th Cir. 2003), genuine issues of material fact exist regarding whether the return carts were placed in a manner that would create an open and obvious danger. The record contains video evidence of Plaintiff's injury at Defendant's store which precludes any ruling in Defendant's favor at this stage in proceedings. (Doc. 29); Docket Entry dated July 27, 2018. Both parties rely on the video evidence to argue summary judgment is or is not appropriate. *Compare* (Docs. 21, 33), *with* (Doc. 30). Similarly, the video evidence creates genuine issues of material fact regarding whether Defendant breached its duty of care to Plaintiff and, if so, whether Defendant's breach was the proximate cause of Plaintiff's injury.

A jury is the appropriate audience for this video evidence—along with the parties' witnesses' testimony, supporting exhibits, and arguments—and the appropriate body to determine whether there was an open and obvious danger, breach and proximate cause.

*See Clark v. Wal-Mart Stores, Inc.*, No. 2:16-CV-463, 2018 WL 1512281, at *6 (S.D. Ohio Mar. 27, 2018) (citing *Klauss v. Glassman*, 8th Dist. Cuyahoga No. 84799, 2005-Ohio-1306, ¶ 18) ("[W]here reasonable minds could differ with respect to whether a danger is open and obvious, the obviousness of the risk is an issue for the jury to determine."); *Tackett v. Wal-Mart Stores E., Inc.*, No. 1:05-CV-560, 2007 WL 2668133, at *4 (S.D. Ohio Sept. 6, 2007) (the issue of open and obvious danger was a question of fact for the jury) (citing *Texler v. D.O. Summers Cleaners & Shirt Laundry Co.*, 81 Ohio St.3d 677, 693 N.E.2d 271 (Ohio 1999)). *See also Pacher v. Invisible Fence of Dayton*, 2003-Ohio-5333, ¶ 41, 154 Ohio App. 3d 744, 753, 798 N.E.2d 1121, 1128 ("Whether a duty is breached and whether the breach proximately caused an injury are normally questions of fact, to be decided by the jury."). Thus, based on the facts of this case, the Court concludes that Defendant is not entitled to summary judgment.

### III. CONCLUSION

Based on the foregoing, it is hereby **ORDERED** that Defendant Wal-Mart Stores East, LP and Wal-Mart Stores, Inc.'s Motion for Summary Judgment (Doc. 21) is **DENIED** and a telephone status conference is scheduled for November 25, 2019 at 11:00 AM to revise the calendar in this matter.[3]

    **IT IS SO ORDERED.**        s/ Michael R. Barrett_____
                                                        Michael R. Barrett, Judge
                                                        United States District Court

---

[3] The parties shall refer to the Docket Entry dated January 12, 2016 for conferencing instructions.